JONES, Judge.
Plaintiff, Tenneco Oil Company appeals the trial court’s judgment dismissing its demand for a refund of overpaid taxes paid to Sheriff Jack A. Stephens, Tax Collector of the Parish of St. Bernard.
The facts of this case are not in contest. In its reasons for judgment the trial court summarized the facts of this dispute as follows:
During the period February 1, 1986 through October 31, 1987, Tenneco Oil Company (Tenneco) paid use taxes on all refinery gas which it used at its oil refinery located in Chalmette, La. However, it now asserts that it overpaid taxes during that time. Tenneco interprets La. R.S. 47:305 as providing that only refinery gas used as boiler fuel is taxable. Consequently, Tenneco is seeking a refund of $267,196.91 for the alleged overpayment. On the other hand, the Tax Collector for the Parish of St. Bernard, Sheriff Jack A. Stephens, interprets the statute as providing that all refinery gas used by Tenneco is taxable. It is the Sheriff’s position that the taxes were properly paid.
The trial court found that Tenneco’s failure to notify the tax collector that it disputed the payment of taxes made over that twenty-one month period prevented the tax collector from segregating the disputed funds as dictated by Section 11.01 of the St. Bernard Parish Sales and Use Tax Ordinance. The trial court concluded that it was not necessary to determine the correct interpretation of La.R.S. 47:305 because Tenneco failed to follow the prescribed procedure for recovery of the alleged overpaid taxes. In light of what the trial court found to be a disregard of “the clear language of the ordinance”, the trial court dismissed Tenneco’s demands against Sheriff Stephens. It is from this judgment that Tenneco appeals.
Sheriff Stephens submits that the power to grant a refund is discretionary. Because he determined that the tax on ail refinery gas had not been erroneously collected and because there was a question of fact and law between Sheriff Stephens and Tenneco as to whether refinery gas other than that used for boiler fuel was taxable, Sheriff Stephens did not grant the refund requested by Tenneco. Sheriff Stephens concedes that Section 10.04 of the St. Bernard Parish Sales and Use Tax Ordinance would authorize him to refund moneys erroneously or illegally collected or paid un *850 der a mistake of fact or law but only where no question of fact or law is involved.
The trial court erred in failing to determine the correct interpretation of La.R.S. 47:305 since Sheriff Stephens concedes but for this question of law plaintiff is entitled to a refund for the overpayment of taxes.
Tenneco argues that a close reading of the substantive state law shows that refinery gas, except when used as boiler fuel, is specifically exempted from any sales and/or use tax levied by the State of Louisiana or local governmental subdivision and school boards. La.R.S. 47:305D(l)(g) and (h) as amended by Act 258 of 1985. Effective June 6, 1985, La. R.S. 47:305 provided a partial exemption for refinery gas, stating in pertinent part:
D. (1) The ... use, the consumption, ... in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter.
* * * * Sfc *
(g) Natural gas and refinery gas, which gas shall also be exempt from any sales and use tax levied by a local governmental subdivision or school board, except that refinery gas shall be taxable to the extent specifically hereinafter provided.
(h) All energy sources when used for boiler fuel except refinery gas. Refinery gas used for any taxable purpose shall be subject to the tax imposed by this Chapter, and similar local taxes, provided that its value shall be fifty-two cents per thousand cubic feet for the taxable period beginning July 1, 1985. For each succeeding calendar year thereafter the value of refinery gas shall be the product of fifty-two cents multiplied by a fraction the numerator of which shall be the posted price for a barrel of West texas Intermediate Crude Oil on December first of the preceding calendar year, and the denominator of which shall be the maximum placed upon refinery gas by any local governmental subdivision or school board under any authority or grant of power to ley and collect sales or use taxes;
(emphasis added.)
At the trial of this matter, Ned Gauthier, a Research Analyst with the Sales Tax Department of the Louisiana Department of Revenue and Taxation, testified that in 1986 it was his responsibility to interpret La.R.S. 47:305, as amended, and draft a State regulation[1] on the taxability of refinery gas. The regulation, which was reviewed by six or seven employees in the Department of Revenue and Taxation, including the head of the Sales Tax Section, a technical assistant in field audit, the chief reviewer and the general counsel, clarified that pursuant to the 1985 amendment La. R.S. 47:305 provided a partial exemption for refinery gas except when it is used as boiler fuel. He explained, that in order to address changes in the sales tax law, the Department routinely revised its Sales and Use Tax Book.
It was Mr. Gauthier’s opinion that the legislation was not ambiguous but confusing only insofar as Part D.(l)(h), which establishes the valuation for the taxable use of refinery gas, actually belongs in another part of the Chapter and not under the provision for exclusions and exemptions.
We agree that a close reading of the relevant statute, especially when read in the context of how it existed immediately prior to and subsequent to the amendment of 1985, reveals that refinery gas, except when used as boiler fuel was exempt from sales and use tax. Effective July 1, 1984 La.R.S. 47:305 read, in pertinent part:
(4)(a) The ... use, the consumption, ... in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter:
* >k * ⅜ ⅝ *
(vii) Natural gas;
(viii) All energy sources when used for boiler fuel except refinery gas when used for boiler fuel;
*851 (emphasis added.) A clear reading of the statute as it existed immediately prior to the 1985 amendment reveals that all refinery gas was taxable even when used as boiler fuel.
Effective July 18, 1990, La.R.S. 47:305 was amended by Act 476 of 1990 to read, in pertinent part:
D.(l) The . •.. use, the consumption, ... in this state of the following tangible personal property is hereby specifically exempted from the tax imposed by this Chapter:
# * ⅝ 5jc ⅝ ⅜
(g) Natural Gas
(h) All energy sources when used for boiler fuel except refinery gas. Refinery gas shall be subject to the tax imposed by this Chapter, and similar local taxes, provided that its value shall be fifty-two cents per thousand cubic feet multiplied by a fraction the numerator of which shall be the posted price for a barrel of West Texas Intermediate Crude Oil on December first of the preceding calendar year, and the denominator of which shall be twenty-nine dollars, and provided further that such values shall be the maximum placed upon refinery gas by any local governmental subdivision or school board under any authority or grant of power to levy and collect sales or use taxes, provided that passage of this measure shall not in any manner prejudice any claim by the state, any local governmental subdivision, school board, or taxpayer before passage of this measure.
(emphasis added.) By the 1990 amendment, the exemption of refinery gas under subsection (g) is omitted. The obvious conclusion is an exemption of refinery gas, except as used for boiler fuel, existed between June 6,1985 and July 18, 1990. This includes the relevant period for which Ten-neco has requested a refund.
The record contains a joint stipulation which reflects that Tenneco paid parish use tax on refinery gas not used as boiler fuel in the amount of $267,196.93. We find that Tenneco overpaid its parish use tax on refinery gas by this amount and is entitled to a refund.
For the foregoing reasons, we reverse the trial court’s judgment and award Ten-neco a refund of overpaid taxes in the amount of $267,196.03. All costs of the appeal to be assessed to defendant.

REVERSED AND RENDERED.

. LA.ADMIN.CODE, tit. 61, section 4401 (1987).